# IN THE COURT OF APPEALS OF IOWA

No. 17-0083
Filed September 13, 2017


IN RE THE MARRIAGE OF NATHAN ALLEN LOGEMANN
AND KERSTEN ASHLEY LOGEMANN

Upon the Petition of
NATHAN ALLEN LOGEMANN,
         Petitioner-Appellee,

And Concerning
KERSTEN ASHLEY LOGEMANN, n/k/a KERSTEN ASHLEY ABILD,
         Respondent-Appellant.
_____


         Appeal from the Iowa District Court for Cass County, James M.

Richardson, Judge.


         The mother appeals from the district court's denial of her request to modify

the child-support provision of the dissolution decree. **AFFIRMED.**


         Martin L. Fisher of Fisher, Fisher & Groetken, P.C., Adair, for appellant.

         Helen M. Broadway-Savage of Savage Law, Council Bluffs, for appellee.


         Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Kersten Abild (formerly known as Kersten Logemann) appeals from the district court's denial of her request to modify the child-support provision of the decree dissolving her marriage to Nathan Logemann. Kersten maintains the court denied her request based on an erroneous finding that she voluntarily reduced her earning capacity and conflated that with instances when the parent's reduced earning capacity and inability to pay support is self-inflicted or intended to deprive the children. *See, e.g.*, *In re Marriage of Swan*, 526 N.W.2d 320, 323–24 (Iowa 1995). Our scope of review of a child support modification action is de novo. *In re Marriage of Walters*, 575 N.W.2d 739, 740 (Iowa 1998).

**I. Child Support.**

Iowa Code section 598.21C (2016) allows the court to modify a child support order "when there is a substantial change in circumstances." "In determining whether there is a substantial change in circumstance," the court is to consider "[c]hanges in employment, earning capacity, or resources of a party." Iowa Code § 598.21C(1)(a). Additionally, "a substantial change in circumstances exists when the court order for child support varies by ten percent or more from the amount which would be due pursuant to the most current child support guidelines." *Id.* § 598.21C(2)(a). It is the party seeking modification—here, Kersten—who bears the burden of establishing by a preponderance of the evidence the substantial change in circumstances.

We do not need to decide whether Kersten's purported reduction in earning was done with the intent to deprive her children of support. As the district court found, Kersten failed to provide sufficient evidence to establish a

substantial change warranting modification occurred. The court stated, "Presently, Kersten is employed by a local veterinarian. No competent evidence was proffered to support a modification of child support at this time. Specifically, no evidence was proffered as to the parties' net monthly incomes when support was initially established in 2013 or presently."[1] Kersten offered into evidence a completed child support worksheet, which showed the amount of support Nathan would owe if the court modified the custody of the children so Kersten became the primary caregiver. She did not introduce any evidence to support her current earnings or her earnings before she was fired from her job at the hospital. Kersten still had two other jobs at the time of the modification hearing; it is unclear if losing her third job resulted in her working more hours at her other two jobs. Additionally, even if we could conclude the loss of one of her jobs was enough to find a substantial change in circumstances without evidence of how it affected her financially, without evidence of her income, it is impossible to set a new obligation.[2]

## II. Appellate Attorney Fees.

Nathan asks us to award him $5000 in appellate attorney fees. An award of such fees is discretionary. *See Spiker v. Spiker*, 708 N.W.2d 347, 360 (Iowa 2006) (considering the award of appellate attorney fees in a modification action). "Factors to be considered in determining whether to award attorney fees include:

---

[1] We note that Nathan did introduce some paystubs from 2016 and his 2015 W2 into the record.

[2] We note Kersten's appellate brief does not include a statement explaining how her claim was preserved below; rather, she states as part of her argument, "The issue preserved for appeal in this matter concerns child support." Iowa Rule of Appellate Procedure 6.903(2)(g)(1) requires appellate briefs to contain "[a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided."

'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005)). As noted above, the record before us contains very little information regarding Kersten's and Nathan's finances. Without more information, we are unable to determine that Nathan needs his fees to be paid or that Kersten has the ability to do so. We decline to award Nathan appellate attorney fees.

We affirm.

**AFFIRMED.**